UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TIMOTHY MARK GADD,

          Plaintiff,

                v.

ANDREW SAUL, COMMISSIONER,

          Defendant.

**Hon. Hugh B. Scott**

**18CV1346**

**CONSENT**

**Order**

Before the Court are the parties' respective motions for judgment on the pleadings (Docket Nos. 9 (plaintiff), 11 (defendant Commissioner)). Having considered the Administrative Record, filed as Docket No. 7 (references noted as "[R. __]"), and the papers of both sides, this Court reaches the following decision.

## INTRODUCTION

This is an action brought pursuant to 42 U.S.C. § 405(g) to review the final determination of the Commissioner of Social Security that plaintiff is not disabled and, therefore, is not entitled to disability insurance benefits. The parties consented to proceed before a Magistrate Judge (Docket No. 13, Order of Oct. 4, 2019).

## PROCEDURAL BACKGROUND

The plaintiff ("Timothy Gadd" or "plaintiff") filed an application for disability insurance benefits on March 18, 2014 [R. 23]. That application was denied initially. The plaintiff appeared before an Administrative Law Judge ("ALJ"), who considered the case de novo and

concluded, in a written decision dated October 11, 2017, that the plaintiff was not disabled within the meaning of the Social Security Act. The ALJ's decision became the final decision of the Commissioner on September 28, 2018, when the Appeals Council denied plaintiff's request for review.

Plaintiff commenced this action on November 27, 2018 (Docket No. 1). The parties moved for judgment on the pleadings (Docket Nos. 9, 11), and plaintiff filed a notice of declining to file a reply (Docket No. 12). Upon further consideration, this Court then determined that the motions could be decided on the papers.

## FACTUAL BACKGROUND

Plaintiff, a 45-year-old on the onset date with a [high school] education, last worked as a heavy equipment operator, later equated by the vocational expert as the DOT title of construction-equipment mechanic (skilled medium word) [R. 31-32]. Plaintiff contends that he was disabled as of the onset date of June 15, 2013 [R. 23]. He had no substantial gainful activity since the June 15, 2013, onset date [R. 25]. Plaintiff claims the following impairments deemed severe by the ALJ: status post left hip replacement and lumbar degenerative disc disease [R. 26]. Plaintiff also claims to suffer from hypertension, but nothing in record showed that it had more than minimal impact on plaintiff's ability to perform basic work activities [R. 26]. He also claims impairment chronic sinus infections, but it was deemed incidental, thus non-severe [R. 26].

## MEDICAL AND VOCATIONAL EVIDENCE

Plaintiff was a heavy equipment operator who developed arthritis in his back, hips, knee, ankles. On October 2013, plaintiff had left hip replacement, herniated disc, remote history of

2

broken left ankle, left foot swelling, chronic sinus infections and high blood pressure. [R. 27, 178.] On plaintiff's Function Report of July 14, 2014, he claimed difficulty with lifting, standing, walking, sitting, climbing stairs, kneeling, and squatting [R. 27, 190-91]. Plaintiff reported he could clean, do laundry, household repairs, limited lawn mowing (for 10-15 minutes, then needing help), and prepare simple meals [R. 27, 187-88]. At the time of the hearing, plaintiff currently worked standing at a bench filling clutch bags for 2-3 hours a day, 5 days a week [R. 28]. This job involved no lifting, had minimal walking and minimal sitting, and he would need to lie down for 3 hours after work [R. 28]. He described his pain generally as 6-7 out of 10, but 7-8 after working [R. 28]. Nurse Practitioner Kathleen Snyder noted in June 2016 that plaintiff was "currently working" [R. 302]. Plaintiff testified that he believed that he could not work a full 8-hour day [R. 57].

At issue here is the opinion of nurse practitioner Snyder from February 15, 2017 [R. 349-52], and the ALJ's consideration of that opinion [R. 31]. Ms. Snyder concluded that plaintiff could not perform even sedentary work [R. 349-52], that he had a limited range of motion of lumbar spine, decreased strength with stiffness and swelling in ankles, plaintiff can sit for only 2 hours a workday and could never lift more than 10 pounds and never twist, stoop, crouch, or climb ladders [R. 349-50, 31]. The ALJ gave little weight to this opinion, however, finding it was inconsistent with record as a whole including plaintiff's treatment notes from Snyder's practice (e.g., Aug. 30, 2016 [R. 299], normal musculoskeletal findings save low back tenderness, June 22, 2016, showing mild tenderness over left foot and limping gait after recent drop on that foot [R. 296, Pembroke Family Medicine, by Snyder, June 22, 2016, 31]). The

3

ALJ further found that Ms. Snyder's opinion was inconsistent with plaintiff's daily activities, such as lawn mowing and snow shoveling [R. 31, 30].

The ALJ found that plaintiff had a residual functional capacity to perform light work, but he needed to be allowed to sit or stand at will; he could perform no crawling but he could occasionally bend, stoop, kneel, or crouch, but he should not work at unprotected heights or around dangerous machinery or processes [R. 27].

The ALJ found that plaintiff was unable to perform past relevant work as a construction equipment operator [R. 32]. With this capacity and the inability to perform plaintiff's past work, the vocational expert opined that a hypothetical claimant like plaintiff was able to perform such occupations as a photocopy machine operator (light exertion work), classifier, laundry (light), or cashier II (light). With an added sit/stand option, the number of jobs in each of these occupations is reduced by one-half but a hypothetical claimant could perform these jobs while standing or sitting [R. 33]. As a result, the ALJ held that plaintiff was not disabled [R. 33].

## DISCUSSION

The only issue to be determined by this Court is whether the ALJ's decision that the plaintiff was not under a disability is supported by substantial evidence. See 42 U.S.C. § 405(g); Rivera v. Sullivan, 923 F.2d 964, 967 (2d Cir. 1991). Substantial evidence is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. National Labor Relations Bd., 305 U.S. 197, 229 (1938)).

*Standard*

I.      General Standards—Five-Step Analysis

For purposes of both Social Security Insurance and disability insurance benefits, a person is disabled when unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A).

Such a disability will be found to exist only if an individual's "physical or mental impairment or impairments are of such severity that [he or she] is not only unable to do [his or her] previous work but cannot, considering [his or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. §§ 423(d)(2)(A) & 1382c(a)(3)(B).

The plaintiff bears the initial burden of showing that the impairment prevents the claimant from returning to his or her previous type of employment. Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982). Once this burden has been met, "the burden shifts to the [Commissioner] to prove the existence of alternative substantial gainful work which exists in the national economy and which the plaintiff could perform." Id.; see also Dumas v. Schweiker, 712 F.2d 1545, 1551 (2d Cir. 1983); Parker v. Harris, 626 F.2d 225, 231 (2d Cir. 1980).

In order to determine whether the plaintiff is suffering from a disability, the ALJ must employ a five-step inquiry:

(1) whether the plaintiff is currently working;

(2) whether the plaintiff suffers from a severe impairment;

(3) whether the impairment is listed in Appendix 1 of the relevant regulations;

(4) whether the impairment prevents the plaintiff from continuing past relevant work; and

(5) whether the impairment prevents the plaintiff from doing any kind of work.

20 C.F.R. §§ 404.1520 & 416.920; Berry, supra, 675 F.2d at 467. If a plaintiff is found to be either disabled or not disabled at any step in this sequential inquiry, the ALJ's review ends. 20 C.F.R. §§ 404.1520(a) & 416.920(a); Musgrave v. Sullivan, 966 F.2d 1371, 1374 (10th Cir. 1992). However, it should be noted that the ALJ has an affirmative duty to fully develop the record. Gold v. Secretary, 463 F.2d 38, 43 (2d Cir. 1972).

To determine whether an admitted impairment prevents a claimant from performing past work, the ALJ is required to review the plaintiff's residual functional capacity and the physical and mental demands of the work that has done in the past. 20 C.F.R. §§ 404.1520(e) & 416.920(e). When the plaintiff's impairment is a mental one, special "care must be taken to obtain a precise description of the particular job duties which are likely to produce tension and anxiety, e.g. speed, precision, complexity of tasks, independent judgments, working with other people, etc., in order to determine if the claimant's mental impairment is compatible with the performance of such work." See Social Security Ruling 82-62 (1982); Washington v. Shalala, 37 F.3d 1437, 1442 (10th Cir. 1994). The ALJ must then determine the individual's ability to return to past relevant work given the claimant's residual functional capacity. Washington, supra, 37 F.3d at 1442.

II.     Treating Physician Rule, Pre-March 2017

Plaintiff's claims predate changes to the treating opinion regulations (see Docket No. 11, Def. Memo. at 4). The treating physician rule applies to claims filed before March 27, 2017,

20 C.F.R. §§ 404.1527, 416.927 (2017), such as this one.  On March 27, 2017, the current version of the SSA regulations eliminates the treating physician's rule for applications filed on or after that date, 20 C.F.R. §§ 404.1520c, 416.920c.  E.g., Barco v. Comm'r, 330 F. Supp. 3d 913, 918 n.2 (W.D.N.Y. 2018) (Wolford, J.) (treating physician rule applies for claims filed in December 2013); Tuper v. Berryhill, No. 17CV6288, 2018 U.S. Dist. LEXIS 149125, at *2, 8 & n.2 (W.D.N.Y. Aug. 31, 2018) (Payson, Mag. J.) (treating physician rule applies to claim filed May 2013).  The treating physician rule provided that

> A treating physician is entitled to controlling weight if it is well supported by clinical and laboratory techniques and is not inconsistent with other substantial evidence.  See 20 C.F.R. § 404.1527; see also Clark v. Comm'r of Soc. Sec., 143 F.3d 115, 118 (2d Cir. 1998) (discussing application of the treating physician rule). Additionally, "the Commissioner 'will always give good reasons'" for the weight given to a treating source opinion.  Halloran v. Barnhart, 362 F.3d 28, 32 (2d Cir. 2004) (quoting 20 C.F.R. § 404.1527(d)(2); citing 20 C.F.R. § 416.927(d)(2)).  While an ALJ may give less than controlling weight to a treating physician's opinion, he or she must "comprehensively set forth [his or her] reasons for the weight assigned to a treating physician's opinion."  Halloran, 362 F.3d at 33.  "Those good reasons must be 'supported by the evidence in the case record, and must be sufficiently specific. . . .'" Blakley v. Comm'r of Soc. Sec., 581 F.3d 399, 406 (6th Cir. 2009) (quoting Social Security Ruling ("SSR") 96-2p, 1996 SSR LEXIS 9 at *12, 1996 WL 374188, at *5 (S.S.A. July 2, 1996) [(rescinded 2017)].

Taillon v. Comm'r, No. 17CV6812, 2019 U.S. Dist. LEXIS 53376, at *5 (W.D.N.Y. Mar. 28, 2019) (Telesca, J.).

Under this edition of the treating medical source rules, a nurse practitioner is not an acceptable medical source, see 20 C.F.R. § 404.1527(a)(2), (f)(1) (Docket No. 11, Def. Memo. at 4).

*Application*

In the instant case, the issue is whether the ALJ had substantial evidence to support the decision rendered denying disability coverage. Plaintiff's sole argument is that the ALJ erred in discounting the opinion of nurse practitioner Snyder (Docket No. 9, Pl. Memo. at 8-11). Defendant responds that, given that Snyder as a nurse practitioner was not an acceptable medical source that required controlling weight (Docket No. 11, Def. Memo. at 4), the ALJ may rely on her on medical assessment though (id.). Defendant points out that Snyder's opinion was contrary to agency consultative examiner, Dr. Abrar Siddiqui [R. 265, August 6, 2014], who found plaintiff had no limitations in standing, sitting, climbing, pushing, pulling [R. 267, 28-29, 30] (id. at 5, see id. at 5-6). Defendant also argues that the ALJ relied upon other medical evidence which supported assigning little weight to Snyder's opinion (id. at 6-7). Defendant notes that plaintiff had a two-year gap in treatment from 2014 to 2016 (id. at 8).

Looking at the entire record, this Court finds that the ALJ had substantial evidence to justify the degree of consideration for nurse practitioner Snyder's 2017 opinion. Snyder's treatment notes for plaintiff prior to that 2017 assessment form showed that plaintiff did not complain about his lower back in June 2016 [R. 295], that he sought treatment for his injured left foot [R. 295]. In August 2016, plaintiff then complained of chronic back pain and reported arthritis and stiffness and a herniated disc [R. 299], while noting that plaintiff's left foot injury was resolved [R. 300]. There is nothing in that record that showed plaintiff's condition worsening by August 2017 to reflect Snyder's subsequent opinion [R. 349-52].

Although not engaging in substantial gainful activity during the pendency of this application, plaintiff did work part-time at limited hours and conditions. The record here

8

established that plaintiff could perform light work with a sit/stand option and that there were jobs in the national economy that he could perform under his circumstances. Plaintiff's motion for judgment (Docket No. 9), therefore, is **denied**.

## CONCLUSION

For the foregoing reasons, plaintiff's motion (Docket No. 9) judgment on the pleadings is **denied**, and defendant's motion (Docket No. 11) for judgment on the pleadings is **granted**. Thus, the decision of the defendant Commissioner is **affirmed** pursuant to sentence four of 42 U.S.C. § 405(g), see Curry v. Apfel, 209 F.3d 117, 124 (2d Cir. 2000). The Clerk of the Court shall close this case.

So Ordered.

*s/Hugh B. Scott*
Hon. Hugh B. Scott
United States Magistrate Judge

Buffalo, New York
January 7, 2020